1  Kurt Opsahl, Esq. (SBN 191303)
   kurt@eff.org
2  Matthew Zimmerman, Esq. (SBN 212423)
   mattz@eff.org
3  ELECTRONIC FRONTIER FOUNDATION
   454 Shotwell Street
4  San Francisco, CA 94110
   Telephone: (415) 436-9333
5  Facsimile: (415) 436-9993

6  Attorneys for Plaintiff
   RATINGZ, INC.
7

8

9

10              UNITED STATES DISTRICT COURT

11      FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  RATINGZ, INC.,                    )  Case No.
                                      )
14              Plaintiff,            )
                                      )
15                                    )  **COMPLAINT FOR DECLARATORY
                                      )  RELIEF**
16          v.                        )
                                      )
17  ADRIAN PHILIP THOMAS, P.A.,       )
                                      )
18              Defendant.            )
                                      )
19  _____ )

20

21

22

23

24

25

26

27

28

## INTRODUCTION

1.      Plaintiff RATINGZ, INC. ("Plaintiff") seeks declarations from this Court that it is not legally required to remove material posted by third parties to its website, LawyerRatingz.com, and that it is immune pursuant to the Communications Decency Act ("CDA") (47 U.S.C. § 230) from any suit brought or threatened by Defendant ADRIAN PHILIP THOMAS, P.A. ("Defendant") based on material posted by third parties to Plaintiff's website.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201.

3.      The amount in controversy exceeds the sum or value $75,000.

4.      Plaintiff RATINGZ, INC. and Defendant ADRIAN PHILIP THOMAS, P.A. are citizens of different States.

## VENUE

5.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 (a)(1-2) and Civil Local Rule 3-2(e) as Plaintiff has its principal place of business in this District and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## PARTIES

6.      Plaintiff RATINGZ, INC. is a California corporation with its principal place of business at 645 Cheshire Way, Sunnyvale, CA 94087.

7.      Plaintiff operates LawyerRatingz.com ("the Website"), a website through which Internet users can submit and access ratings of attorneys.

8.      Defendant ADRIAN PHILIP THOMAS P.A., doing business as the Law Offices of Adrian Philip Thomas, P.A., is a Florida corporation with its principal place of business at 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, FL 33301.

## GENERAL ALLEGATIONS

9.      Plaintiff's Website allows Internet users to express their opinions about attorneys located throughout the United States and Canada.

1    10.    Plaintiff's Website is accessible to readers and contributors via the Internet.

2    11.    The Website contains pages for individual attorneys.

3    12.    An attorney page may list basic information about the attorney's location, practice

4    area, and law firm.

5    13.    An attorney page may also include written comments about an attorney and

6    numerical ratings covering various criteria provided by Internet users.

7    14.    Numerical ratings, if any, on an attorney page are based on a numbered scale (1 to

8    5, with 5 being the best) across five different categories: "Knowledge," "Communication,"

9    "Tenacity," "Work Quality," and "Value."

10    15.    Numerical ratings provided by third party users are automatically averaged to reflect

11    an "Overall Quality" listed on an attorney's page on the Website.

12    16.    Third party users supply comments and ratings on an individual attorney's page on

13    the Website.  Attached hereto as Exhibit A, and incorporated by reference, is a true and correct

14    screen capture of the "Rate this Lawyer" page regarding Mr. Thomas on the Website, taken on

15    February 20, 2012.

16    17.    As of February 20, 2012, the Website contained 42,456 attorney ratings provided by

17    third party users.

18    18.    On information and belief, Adrian Philip Thomas is a shareholder and founding

19    partner of Defendant ADRIAN PHILIP THOMAS P.A.

20    19.    The    lawyer    ratings    page    regarding    Mr.    Thomas    is    located    at

21    http://www.lawyerratingz.com/ratings/7760/Lawyer-Adrian-Thomas.html.    Attached hereto as

22    Exhibit B, and incorporated by reference, is a true and correct screen capture of the lawyer ratings

23    page regarding Mr. Thomas, taken on February 20, 2012.

24    20.    On or around December 9, 2011, Plaintiff received an email from Michele M.

25    Thomas, an attorney at Defendant's law firm, stating (in part) the following:

26    I am the managing partner of Adrian Philip Thomas, P.A. There are two "ratings"
     posted on your site under the attorney name "Adrian Thomas" that contain false,
27    misleading and/or libelous information. I have previously flagged them and
     indicated same to your company. The ratings were "reviewed" and then reinstated
28    with no investigation or follow up with my firm. They are the ones dated 12/12/09

2

**COMPLAINT FOR DECLARATORY RELIEF**

(false/misleading) and 10/30/11(false/libelous). No one at your firm attempted to contact this office to determine the veracity of the comments even after they were brought to your attention. Conveniently, your website does not contain any contact information.

Due to your utter unresponsiveness, I am left with no choice but to file a complaint. Please provide me with the name of your registered agent in the State of Florida for service of process. Thank you.

21. Attached hereto as Exhibit C, and incorporated by reference, is a true and correct copy of the email dated December 9, 2011, sent by Ms. Thomas to Plaintiff.

22. On or around February 3, 2012, Plaintiff received a cease and desist letter addressed to Bob Nicholson (Plaintiff's registered agent) in Sunnyvale, California, and dated February 2, 2012 ("February 2nd Letter"), from Defendant's counsel. Attached hereto as Exhibit D, and incorporated by reference, is a true and correct copy of the letter, dated February 2, 2012.

23. In its February 2nd Letter, Defendant stated that unspecified "prospective clients came into [Defendant's] office and . . . expressed concern over the ratings" that were posted to the lawyer ratings page about Mr. Thomas's on the Website.

24. In its February 2nd Letter, Defendant additionally stated that "If Adrian Thomas's name and all ratings are not removed from your site by Friday, February 3, 2012, at 5:00 p.m. (PST), then all necessary and proper legal actions against your Company will be taken."

25. On or around February 14, 2012, Plaintiff received a cease and desist letter addressed to Bob Nicholson (Plaintiff's registered agent) and John Swapceiski (Plaintiff's president) in Sunnyvale, California, and Menlo Park, California, respectively, and dated February 10, 2012 ("February 10th Letter"), from Defendant's counsel. Attached hereto as Exhibit E, and incorporated by reference, is a true and correct copy of the letter, dated February 10, 2012.

26. In its February 10th Letter, Defendant stated (in part) the following:

Enclosed please find a copy of the Complaint that this firm is prepared to file against your company. As the tort occurred and continues to occur in Broward County, Florida, we are going to file our complaint here. In addition to a complaint for damages, I will be seeking an injunction to shut your site down – or at least the portion affecting this firm – during the pendency of litigation.

27. Attached hereto as Exhibit F, and incorporated by reference, is a true and correct copy of the complaint ("Draft Complaint") included with Defendant's February 10th Letter.

28.     In its February 10th Letter, Defendant additionally stated the following:

The clients we lost are beneficiaries of a $12,000,000 estate that is in litigation. They initially retained the firm and then terminated us. The clients had paid their prior attorneys nearly $1,000,000 over the past three years. We have not only a signed contract with the clients, but also a letter sent after they terminated our services identifying your website as the impetus for the termination.

While this firm has suffered actual damage as a result of the false statements on your website, we are more interested in having Adrian Thomas's name removed from your site than we are in litigating the matter against you; however, we are prepared and able to do the latter because it is apparent to us that your website is causing us substantial financial harm.

29.     In its February 10th Letter, Defendant additionally stated the following:

This is the final request that you remove Adrian Thomas's name and all ratings from your website immediately and permanently.

30.     The Draft Complaint contains two claims: (1) an action "for an injunction" "enjoining [Plaintiff] from displaying [Defendant's] name on its website during the pendency of this litigation," and (2) an action for tortious interference with a business relationship under Florida common law.

31.     In support of its Draft Complaint's claim for tortious interference with a business relationship, Defendant stated the following:

[Adrian Philip Thomas, P.A.] had a specific business relationship with clients who had retained his firm, signed a contract and paid a retainer prior to seeing ratings on LaywerRatingz.com [sic] and then rescinded the contract as a result of having read the libelous reviews of [Adrian Philip Thomas, P.A.].

32.     In support of its Draft Complaint's claim for tortious interference with a business relationship, Defendant additionally stated the following:

Additionally, [Adrian Philip Thomas, P.A.] has prospective business relationships with any client who is using LawyerRatingz.com to obtain information about [Adrian Philip Thomas, P.A.] prior to retaining him. [Adrian Philip Thomas, P.A.] is without knowledge as to how many prospective clients have been and will continue to be lost as a result of the libelous ratings on a LawyerRatingz.com.

33.     In support of its Draft Complaint's claim for tortious interference with a business relationship, Defendant additionally stated the following:

[Ratingz, Inc.] knows that lawyers are in the business of practicing law and, as with any professional, a lawyer's reputation in the community is of paramount importance. Thus, it is reasonable to assert that [Ratingz, Inc.] knows that lawyers have a relationship with both former, existing and prospective clients and that their site is held out to the public as a useful tool for assisting individuals in deciding which lawyer to hire.

34.     In support of its Draft Complaint's claim for tortious interference with a business

relationship, Defendant additionally stated the following:

> Once [Ratingz, Inc.] has been put on notice that the ratings are false and fails to take
> any action to investigate or correct the libelous ratings, it is intentionally and
> unjustifiably interfering with an attorney's business relationships.

35.     In support of its Draft Complaint's claim for tortious interference with a business

relationship, Defendant additionally stated the following:

> [Adrian Philip Thomas, P.A.] has been damaged by the loss of an existing client and
> continues to be damaged by the chronic, recurring promulgation of false statements
> about [Adrian Philip Thomas, P.A.] on the Internet.

## FIRST CAUSE OF ACTION

[Declaratory Relief Pursuant to 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act)
and 47 U.S.C. § 230 (Communications Decency Act)]

36.     Plaintiff incorporates by reference and re-alleges the allegations and averments

contained in paragraphs 1 through 35.

37.     Section 230 of the Communications Decency Act ("CDA 230") provides that: "[n]o

provider or user of an interactive computer service shall be treated as the publisher or speaker of

any information provided by another information content provider" and expressly preempts state

law to the contrary.  *See* 47 U.S.C. §§ 230(c)(1), (e)(3).

38.     CDA 230 further provides: "The term 'interactive computer service' means any

information service, system, or access software provider that provides or enables computer access

by multiple users to a computer server, including specifically a service or system that provides

access to the Internet and such systems operated or services offered by libraries or educational

institutions."  47 U.S.C. § 230(f)(2).

39.     CDA 230 establishes broad "federal immunity to any cause of action that would

make service providers liable for information originating with a third party user of the service."

*Zeran v. America Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997)); *see also Carafano v.*

*Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003) (citing *Batzel v. Smith*, 333 F.3d 1018,

1026-27 (9th Cir. 2003)).

40.     Plaintiff is a provider of an interactive computer service.

41.     Plaintiff provides an information service through its Website.

42.     Plaintiff enables computer access by multiple users to its Website.

43.     Plaintiff allows third parties to post content on its Website.

44.     All of the content to which Defendant objects was created and posted by third parties.

45.     Plaintiff does not create, in whole or in part, the reviews or ratings submitted by users and posted on its Website.

46.     Plaintiff does not develop, in whole or in part, the reviews or ratings submitted by users and posted on its Website.

47.     Plaintiff does not change the substance of the reviews posted by its users.

48.     Defendant seeks to treat Plaintiff as the publisher or speaker of information provided by its users.

49.     Defendant seeks to hold Plaintiff liable for reviews posted by third party users.

50.     Defendant seeks to hold Plaintiff liable for the exercise of a publisher's traditional editorial functions such as deciding whether to publish, withdraw, or postpone content.

51.     Plaintiff seeks a declaration from this Court that Plaintiff is immune pursuant to CDA 230 from suit for all claims threatened by Defendant based on comments and ratings posted to Plaintiff's Website by third parties.

**SECOND CAUSE OF ACTION**
[Declaratory Relief Pursuant to 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act)
and the First Amendment to the United States Constitution]

52.     Plaintiff incorporates by reference and re-alleges the allegations and averments contained in paragraphs 1 through 51.

53.     Defendant threatens to seek an injunction to "shut down" Plaintiff's Website.

54.     Defendant also threatens to seek an injunction to "shut down" "the portion" of the Website "affecting" Defendant.

55.     Defendant has indicated that an objective of its threatened litigation is the removal of "Adrian Thomas's name and all ratings" from the Website.

56.     Defendant has only alleged that some of the statements posted on the Website about Mr. Thomas are actionable.

57.     The Website primarily contains speech unrelated to Mr. Thomas.

58.     The Website contains speech protected by the First Amendment.

59.     As of February 20, 2012, the attorney page regarding Mr. Thomas was one of 42,456 attorney pages on the Website.

60.     The numerical ratings about Mr. Thomas provided by third party users are non-actionable expressions of opinion.

61.     As it did not author the comments or ratings on the Website about Mr. Thomas, Plaintiff can neither confirm nor deny the accuracy of any such comments or ratings.

62.     Even if Defendant's threatened claims are successful against any third party user at trial, Plaintiff is in no position to ascertain the veracity of such claims at this time.

63.     The First Amendment to the United States Constitution prohibits the imposition of injunctions that bar protected speech.

64.     Plaintiff seeks a declaration from this Court that the First Amendment prohibits the imposition of the injunction threatened by Defendant; namely, (a) that the Website be shut down either permanently or preliminarily, regardless of the ultimate resolution of Defendant's threatened claims; and (b) that "all" references about or concerning Defendant be removed either permanently or preliminarily, regardless of the ultimate resolution of Defendant's threatened claims.

### THIRD CAUSE OF ACTION
[Declaratory Relief Pursuant to 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act) and Florida's Tortious Interference with a Business Relationship Tort]

65.     Plaintiff incorporates by reference and re-alleges the allegations and averments contained in paragraphs 1 through 64.

66.     Defendant seeks to hold Plaintiff liable for tortious interference with a business relationship under Florida common law.

67.     Four elements must be proved to establish liability for tortious interference with a business relationship under Florida Law:   (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship on the part of the defendant; and (4) damage to the plaintiff as a

7

result of the breach of the relationship. *See Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812 (Fla. 1994).

68.     Plaintiff had no knowledge of any alleged business relationship between Defendant and any current or prospective client prior to the February 2nd Letter.

69.     As of the date of this Complaint, Plaintiff has no actual knowledge of any identifiable current or prospective client of the Defendant.

70.     Under Florida law, no cause of action exists for tortious interference with a business's relationship to the community at large. *See Ethan Allen, Inc.*, 647 So. 2d at 815.

71.     Establishment of the tort of tortious interference with a business relationship requires proof of a business relationship with identifiable customers. *See Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.*, 687 So. 2d 821 (Fla. 1996).

72.     Plaintiff's operation of its Website on which third parties can post their own opinions about attorneys does not constitute intent to unjustifiably interfere with any identifiable current or prospective client of the Defendant.

73.     Plaintiff did not intentionally interfere with any relationship of the Defendant.

74.     Plaintiff did not unjustifiably interfere with any relationship of the Defendant.

75.     Plaintiff did not act with malice or ill will toward Defendant.

76.     Plaintiff did not have a duty to remove ratings posted by third parties to the Website, even after receiving notice from Defendant that some of those ratings were allegedly false and/or defamatory.

77.     Plaintiff seeks a declaration from this Court that Plaintiff is not liable to Defendant for tortious interference with a business relationship under Florida common law for operating a Website on which third parties can post their own opinions about the Defendant.

**FOURTH CAUSE OF ACTION**
[Declaratory Relief Pursuant to 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act)
and Florida's Statute of Limitations]

78.     Plaintiff incorporates by reference and re-alleges the allegations and averments contained in paragraphs 1 through 77.

79.     Defendant's threatened causes of action rest on the allegation of multiple "false" and/or "libelous" ratings posted by users of the Website.

80.     Defendant has identified one statement that appears on the attorney page on the Website regarding Mr. Thomas that it characterizes as "false," a statement that is dated November 30, 2011.

81.     The attorney page on the Website regarding Mr. Thomas contains multiple negative user reviews, including one dated January 29, 2010, and one dated December 12, 2009.

82.     While Defendant has framed its causes of action as ones premised on an intentional tort – tortious interference with a business relationship – they are grounded in allegations of defamation and are thus subject to a two-year statute of limitations under Florida law. *See, e.g., Elegele v. Harley Hotels, Inc.*, 689 So. 2d 1305, 1307 (Fla. Dist. Ct. App. 1997); *Myd Marine Distribs., Inc. v. Donovan Marine, Inc.*, No. 07-61624-CIV, 2009 WL 701003 (S.D. Fla. Mar. 16, 2009).

83.     Plaintiff seeks a declaration from this Court that Defendant's threatened causes of actions based on the ratings of Mr. Thomas posted to the Website on December 12, 2009, or January 29, 2010, are time barred. *See* Fla. Stat. Ann. § 95.11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For a declaration that Plaintiff is immune pursuant to CDA 230 from suit for all claims threatened by Defendant based on comments and ratings posted to Plaintiff's Website by third parties;

2.     For a declaration that the First Amendment prohibits the imposition of the injunction threatened by Defendant; namely, (a) that the Website be shut down either permanently or preliminarily, regardless of the ultimate resolution of Defendant's threatened claims; and (b) that "all" references about or concerning Defendant be removed either permanently or preliminarily, regardless of the ultimate resolution of Defendant's threatened claims;

1    3.   For a declaration that Plaintiff is not liable to Defendant for tortious interference with

2         a business relationship under Florida common law for operating a Website on which

3         third parties can post their own opinions about the Defendant;

4    4.   For a declaration that Defendant's threatened causes of actions based on the ratings of

5         Mr. Thomas posted to the Website on December 12, 2009, or January 29, 2010, are

6         time barred;

7    5.   For costs of suit incurred herein, including reasonable attorney's fees; and

8    6.   For such other and further relief as the Court may deem just and proper.

9

10   DATED: February 22, 2012          By

11                                         Matthew Zimmerman, Esq.
                                           mattz@eff.org
12                                         Kurt Opsahl, Esq.
                                           kurt@eff.org
13                                         ELECTRONIC FRONTIER
                                           FOUNDATION
14                                         454 Shotwell Street
                                           San Francisco, CA 94110
15                                         Telephone: (415) 436-9333
                                           Facsimile: (415) 436-9993
16
                                           Attorneys for Plaintiff
17                                         RATINGZ, INC.

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

# Exhibit A

Lawyer Rating   A PART OF THE RATINGZ™ NETWORK

**MENU**

HOME
FIND LAWYERS
BROWSE LAWYERS
LOGIN
FORUM
TOP RATED
HELP / FAQ
CONTACT

## Rate this Lawyer

**Lawyer:   Adrian Thomas**

Adrian Thomas
Lawyer
Fort Lauderdale, FL

Login first? or Create an account?

|  | | 1 | 2 | 3 | 4 | 5 | |
|---|---|---|---|---|---|---|---|
| **Knowledge:** | BAD ☹ | ○ | ○ | ○ | ○ | ○ | ☺ GOOD |
| **Communication:** | BAD ☹ | ○ | ○ | ○ | ○ | ○ | ☺ GOOD |
| **Tenacity:** | BAD ☹ | ○ | ○ | ○ | ○ | ○ | ☺ GOOD |
| **Work Quality:** | BAD ☹ | ○ | ○ | ○ | ○ | ○ | ☺ GOOD |
| **Value:** | BAD ☹ | ○ | ○ | ○ | ○ | ○ | ☺ GOOD |

**Comments:**

Characters typed:  0       (limit: 1000)

**YOU are responsible for what you write here, so tell the truth.
Please say WHY you rated as you did, and give SPECIFICS.**

*Please rate only ONCE!*
\* I certify that this rating is based on MY OWN experience with this lawyer.  ☐

### Add New Rating

Or, add a news article or blog that mentions this lawyer

IP addresses are logged.
Submitted data become the property of Ratingz Inc.                    Privacy Policy

Ratingz^SM is a Service Mark of Ratingz Inc, for its online consumer rating and review service.

© 2017 Ratingz Inc - Privacy                              Website Design by LunaGraphica Inc

# Exhibit B

Exhibit B



# Rating

A PART OF THE RATINGZ™ NETWORK

HOME
FIND LAWYERS
BROWSE LAWYERS
LOGIN
FORUM
TOP RATED
HELP / FAQ
CONTACT

Ratings | **Map & Info**

## Adrian Thomas ratings

**Adrian Thomas**
Lawyer
Fort Lauderdale, **FL**
Practice Area: Estates / Probate / Wills
Firm: Adrian Thomas,pa

_Add a picture of this lawyer_

# Ratings: **11**

Avg. Overall Rating: **3.2**



Rating: **3.2** out of 5 based on **11** reviews.
Lawyer Adrian Thomas has a **fair** overall rating on LawyerRatingz.com.

_Ratings are based on a best score of 5 (range: 1-5)_

**CORRECT LAWYER'S INFO ABOVE**
(To have a **rating** reviewed, click the red flag next to the rating below)

**RATE THIS LAWYER**          **SEARCH AGAIN**

Submit a news article or blog that mentions this lawyer



| | KNOWLEDGE | COMMUNICATION | TENACITY | WORK QUALITY | VALUE | COMMENTS |
|---|---|---|---|---|---|---|
| [KEY] Date | | | | | | |
| 2/6/12 | 5 | 5 | 5 | 5 | 5 | My family found the blog on Adrian Thomas website and it educated us on the warning signs of elder financial exploitation. This firm made a difference in my family's life and we are forever grateful for the work they did for us to protect my family inheritance. ☺ |

_Registered users can **respond to this rating**_

| | | | | | | |
|---|---|---|---|---|---|---|
| 2/5/12 | 1 | 1 | 1 | 1 | 1 | I hired this firm after my father died to make certain his Last Will was enforced. With limit funds, the family was able to scrape together $5,000, for their retainer...then watched the bill soar to over $40,000.00. They accomplished nothing (estate still not settled) and put a lien on the $50,000.00 estate. DO NOT HIRE THIS LAW FIRM! ☹ |

_Registered users can **respond to this rating**_

| | | | | | | |
|---|---|---|---|---|---|---|
| 1/25/12 | 5 | 5 | 5 | 5 | 5 | Mr. Thomas and Mr. McGowan handled a contested guardianship and trust dispute for me. They were aggressive, yet ethical, and knew the law quite well. I would strongly recommend this firm. ☺ |

_Registered users can **respond to this rating**_

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/15/11 | 5 | 5 | 5 | 5 | 5 | Adrian has helped me with legal difficulties on several occasions during the last few years. Each time his advice has been invaluable and yet his costs have been modest. I absolutely recommend his firm. ☺ |

_Registered users can **respond to this rating**_

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/12/11 | 5 | 5 | 5 | 5 | 5 | Never dealt with a more professional and knowledgeable lawyer than Adrian Thomas and his entire staff. Will always be greatful in our outcome. . THANKS Adrian. ☺ |



*Registered users can **respond to this rating***

12/9/11  5  5  5  5  5  Mr. Thomas, It seems like businesses today forget that people are what business is all about. That's not true of your Firm. I'm writing to let you know that The Law Offices of Adrian Philip Thomas is a great example of what a business can be. The time, compassion, and reassurance you gave me and my family will never be forgotten. You handled every detail no matter how small it was in a very professional manner. It's not often that something that's supposed to be all about profit remembers what it's really all about. You and the wonderful people in your firm give me hope for the future. If any of my friends or colleagues are in need of Trust/Estate services, I will not hesitate to recommend your firm.

*Registered users can **respond to this rating***

12/7/11           SYSTEM: 2 positive spam ratings automatically removed

12/4/11           SYSTEM: 2 positive spam ratings automatically removed

12/2/11  5  5  5  5  5  Phyllis and Mr. Thomas, We just wanted to take a few minutes to tell you how very much we appreciated your time,patience and kindness. I know that you all are extremely busy but you did not let that stop you from taking time out of your schedule to help us. Mere words cannot express how grateful we are to you all. Your kindness has lifted a tremendous burden from off of us. Again Thank You!!!! Sincerely and Respectfully, J.O. and D.O.

*Registered users can **respond to this rating***

10/30/11  1  1  1  1  1  Recently my sister and I hired Mr Thomas for a serious and very complicated contest. His immediate concern overwhelmed my sister and she was "sold" on using him. Her bill quickly soared to more than $20,000 and he and his wife demanded payment. A contingency basis was discussed where Mr. Thomas required nothing less than 45%. My sister tried to negotiate a more reasonable rate in which he flat out declined. He dropped us as clients and we are in search of another attorney that is willing to work WITH US!

*Registered users can **respond to this rating***

7/26/10  1  1  1  1  1  DO NOT HIRE THIS LAW FIRM. This law firm is all about taking every cent you may have coming to you and forcing you into debt. They do not follow up with clients well, do not file motions in a timely manner, do not treat clients professionally, do not try to settle in a timely manner, but they charge hourly and lump hours together with many entries to bill, such as charging $88 for a short email, for reading and again for responding; Talking to other lawyers, research, hearing preparations, etc. They grossly overcharge and then threaten to drop you if you fall behind in payments. I was told Adrian would do all of the important work, depo's, hearings and that his other lawyers would do the grunt work. That was 90,000.00 dollars ago for enforcing as the judge stated a simple contract resulting from mediation. The case is still not settled and I am checking into possible malpractice against this law firm and filing formal complaints with the Florida bar.

*Registered users can **respond to this rating***

1/29/10  1  1  3  1  1  He set up a trust for my father, who was 85. Made innumerable mistakes. Failed to file documents with affected relatives. Failed to assure trust was completed. When my father died, Mr. Thomas made everything infinitely



more difficult. In addition he billed extravagantly, including for "meetings" with his staff where we paid hourly rates for each participant. We had to fire him.

*Registered users can **respond to this rating***

12/12/09   1   1   1   1   My niece forced my elderly mother to sign a quit claim deed and put her house in her name just one week after the death of my sister. She never told me my mother died, she sold the house and took off with the money and the entire contents of the house, including the urns with the cremains of both of my parents. I hired him to find her, get the contents of the house back along with my parents' cremains and have the quit claim deed reversed. It has been 16 months, I have paid him $20,000 with ZERO results. The first thing he should have done was to stop the sale of the house, but he didn't. He said I had to be made the "Personal Representative" of the estate before anything could be done. I wanted to put "Mechanics Lien" on the house, but he wouldn't. He has given excuse after excuse. I am going to report him to a review board, the BBB and the District Attorney. I feel that I have been ripped off, royally!!! All he did was take my money. Stay away from him and his entire firm!

## *Read this rating's feedback*

\*Rating left by a registered user.

⟳ **RATE THIS LAWYER**      ⟳ **ADD THESE RATINGS TO YOUR WEBSITE**

| **Best Rated Lawyers near Fort Lauderdale, FL** |
|---|
| **Iris Bass - Fort Lauderdale - FL** |
| **Ralph Behr - Fort Lauderdale - FL** |
| **Kenneth Padowitz - Fort Lauderdale - FL** |

Ratingz℠ is a Service Mark of **Ratingz Inc.** for its online consumer rating and review service.

© 2012 Ratingz Inc - **Privacy**                    **Website Design** by LunaGraphica Inc.

# Exhibit C

# Exhibit C

----- Forwarded Message -----
*From:* "mmt@athomaslaw.com" <mmt@athomaslaw.com>
*To:* contact@ratingz.net
*Sent:* Friday, December 9, 2011 11:48 AM
*Subject:* LawyerRatingz.com message concerning Feedback - Fri Dec 09
10:48:20 CST 2011

IP: 75.144.222.201
Good morning,

I am the managing partner of Adrian Philip Thomas, P.A. There are two
"ratings" posted on your site under the attorney name "Adrian Thomas"
that contain false, misleading and/or libelous information. I have
previously flagged them and indicated same to your company. The ratings
were "reviewed" and then reinstated with no investigation or follow up
with my firm. They are the ones dated 12/12/09 (false/misleading) and
10/30/11(false/libelous). No one at your firm attempted to contact this
office to determine the veracity of the comments even after they were
brought to your attention. Conveniently, your website does not contain
any contact information.

Due to your utter unresponsiveness, I am left with no choice but to file
a complaint. Please provide me with the name of your registered agent
in the State of Florida for service of process. Thank you.

Michele M. Thomas, Esq.
Adrian Philip Thomas, P.A.
515 East Las Olas Boulevard,
Suite 1050
Fort Lauderdale FL 33301
954-764-7273

# Exhibit D

Exhibit D



**Solomon Ward**
Attorneys at Law

Solomon
Ward
Seidenwurm &
Smith LLP

Wells Fargo Plaza
401 B Street, Suite 1200
San Diego, California 92101
Telephone (619) 231-0303
Facsimile (619) 231-4755
www.swsslaw.com

William V. Whelan, Partner
wwhelan@swsslaw.com
Direct Dial (619) 238-4828
Direct Fax (619) 615-7928

February 2, 2012

**VIA FEDERAL EXPRESS**

Bob Nicholson, Agent
Ratingz, Inc.
645 Cheshire Way
Sunnyvale, CA 94087

Re:   Cease and Desist

Dear Mr. Nicholson:

This letter shall serve as our demand on behalf of our client, The Law Offices of Adrian Philip Thomas, that Ratingz, Inc. remove Adrian Thomas's name and all ratings (positive and negative) from its www.lawyerratingz.com site. The negative comments posted under Mr. Thomas' name are false and without merit. Our client submitted multiple review requests via email, pointing out the problems with the reviews, but no one from your Company contacted our client or did any independent investigation of the matters. The false reviews remain online.

Your Company's website appears to invite anonymous people to write scathing commentary unsupported by any facts or evidence. The website acknowledges this fundamental flaw deep within the FAQs: *"We prefer that you only rate lawyers you have first-hand knowledge of. However, it is not possible for us to verify which raters have knowledge of which lawyers, so always take the ratings with a grain of salt. Remember, our client has no way of knowing who is doing the rating - customers, people in the lawyer industry, regular people, dogs, cats, etc."* That telling disclaimer should be prominently displayed on every page.

We are of course familiar with the Communications Decency Act (CDA). There is a considerable difference between Facebook, where parties might post potentially libelous comments on people's walls, and your site. Unlike Facebook, Ratigz is inviting commentary about professionals (doctors and lawyers) that will impact their reputations and ability to earn a living, but your Company fails to take any steps to ensure the veracity of the postings.

All websites have to be hosted somewhere. The law is designed to protect webhosting entities, like Verio and GoDaddy, from liability for the content of the sites they host; not sites like yours which themselves contain defamatory material.



Bob Nicholson, Agent
February 2, 2012
Page 2


Your Company's site also invokes California's anti-SLAPP laws. Anti-SLAPP laws are designed to protect individuals and organizations from civil complaints arising from their communications to government or their speech on an issue of public interest or concern, *e.g.* individual citizens circulating a petition to prevent a developer from building on a particular site and then being sued by the developer for it. Anti-SLAPP legislation is not intended to protect an entity like LawyerRatingz.com from posting demonstrably false and defamatory statements. Your Company is selling ad space, not performing a valuable civic function.

Yesterday, prospective clients came into our client's office and advised them that they found the ratings on your site online when looking for directions to the firm's office on Google Maps. They expressed their concern over the ratings. Our client had to direct them to Martindale-Hubbell (where our client has AV-preeminent and 5.0 ratings) and Avvo (where our client has a perfect 10 rating). We are concerned not only about the clients who discussed the ratings with our client, but also about the ones who never called because they saw the ratings on your site and decided to hire another firm.

Your website invites and facilitates anonymous posts, which can be made by anyone with an axe to grind against the lawyer. Your Company does not review the posts ensure they make even a modicum of legal sense, much less to ensure sure they are true. It sullies a professional's hard-earned reputation without providing any notice or ability to respond.

If Adrian Thomas's name and all ratings are not removed from your site by Friday, February 3, 2012, at 5:00 p.m. (PST), then all necessary and proper legal actions against your Company will be taken. Thank you for your prompt attention to this matter.

Sincerely,

*Bill Whela*

William v. Whelan
Solomon Ward Seidenwurm &Smith LLP

WVW/clc

P:00684533.2-25020.002

Page 1 of 1

From: (619) 238-4833          Origin ID: SDMA
Cristine Conroy
Solomon Ward Seidenwurm
Solomon Ward Seidenwurm & Smith LLP
401 B Street, Suite 1200
San Diego, CA 92101



Ship Date: 02FEB12
ActWgt: 1.0 LB
CAD: 102145216/INET3250

Delivery Address Bar Code

J12101112190225                    BILL SENDER

SHIP TO: (619) 238-4833
**Bob Nicholson**
**Ratingz, Inc.**
**645 CHESHIRE WAY**

SUNNYVALE, CA 94087

Ref #      25020-002
Invoice #
PO #
Dept #

FRI - 03 FEB  A1
STANDARD OVERNIGHT
RES
94087
CA-US
SJC

TRK#
0201    7980 1541 7177



**83 COAA**



512G16F56A076

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# Exhibit E

# Exhibit E



THE LAW OFFICES OF
**ADRIAN PHILIP THOMAS** P.A.

Adrian P. Thomas, LL.M., J.D.
Michele M. Thomas, Esq.

Robert M. Trinkler, Esq.
Daniel A. McGowan, Esq.*
Merrilee A. Jobes, Esq.
Sean G. Perkins, Esq.**
Christopher F. Taylor, Esq.
Jeffrey S. Baran, Esq.
Victor D. Orihuela, Esq.

\* Also admitted in Ohio and Pennsylvania
** Also admitted in Georgia

*Sent via FedEx Priority Overnight*

February 10, 2012

Bob Nicholson, Registered Agent
Ratingz, Inc.
645 Cheshire Way
Sunnyvale CA 94087

John Swapceiski, President
Ratingz, Inc.
4042 State Route 364
Canandaigua NY 14424

            770 Coleman Avenue
            Apt. M
            Menlo Park CA 94025

Re:     LawyerRatingz.com

Dear Mr. Nicholson and Mr. Swapceiski:

Enclosed please find a copy of the Complaint that this firm is prepared to file against your company. As the tort occurred and continues to occur in Broward County, Florida, we are going to file our complaint here. In addition to the complaint for damages, I will be seeking an injunction to shut your site down – or at least the portion affecting this firm – during the pendency of litigation.

I have communicated with you through your website and through the mail [copy of cease and desist letter enclosed]. To date, I have received no response from anyone at your company and the ratings for Adrian Thomas remain on your website. I am including Mr. Swapceiski in this communication even though he is not the registered agent because he is the president of the company but may not be involved with the day-to-day operations of it. Accordingly, you may not be aware of my firm's ongoing problems with your LawyerRatingz.com website and Mr. Nicholson's failure to respond to our communications.

Additionally, I have sent the notice required under Florida law to the one individual who I can identify who posted a false rating on your site and will be suing her for libel next

ob Nicholson, Agent
John Swapceiski, President
February 10, 2012
P a g e | 2

week after the expiration of the requisite notice period. In the event she has contacted your company to remove the post and been unable to do so, I would anticipate that she will file an interpleader to join you in the action because you have prevented her from curing the libel. In any event, you will be served with third-party discovery subpoenas with which you will need to comply.

The clients we lost are beneficiaries of a $12,000,000 estate that is in litigation. They initially retained the firm and then terminated us. The clients had paid their prior attorneys nearly $1,000,000 over the past three years. We have not only a signed contract with the clients, but also a letter sent after they terminated our services identifying your website as the impetus for the termination.

While this firm has suffered actual damage as a result of the false statements on your website, we are more interested in having Adrian Thomas's name removed from your site than we are in litigating the matter against you; however, we are prepared and able to do the latter because it is apparent to us that your website is causing us substantial financial harm.

We are both in business and whether to proceed with litigation is a business decision. At this point, it is clear to us that we have no option, but you do. It is far more cost effective for you to remove one attorney's name from your site than it is to stand on principle and face an injunction and expensive and time-consuming litigation, regardless of whether you believe you will prevail.

**This is final request that you remove Adrian Thomas's name and all ratings from your website immediately and permanently.**

Sincerely,

ADRIAN PHILIP THOMAS, P.A.
©COPY

Michele M. Thomas, Esq.
For the Firm

Enclosure as noted

# Exhibit F

Exhibit F

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT

IN AND FOR BROWARD COUNTY, FLORIDA

ADRIAN PHILIP THOMAS, P.A.
A Florida Corporation

vs.

RATINGZ, INC.
A California Corporation
_____/

## COMPLAINT

COMES NOW, the Plaintiff, ADRIAN PHILIP THOMAS, P.A. and hereby files this, its

Complaint for Tortious Interference with a Business Relationship against Defendant, RATINGZ,

INC., pursuant to the Florida Rules of Civil Procedure and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a Florida corporation, actively engaged in and conducting business in Fort
   Lauderdale, Broward County, Florida.

2. Defendant is a California corporation conducting business in Fort Lauderdale, Broward
   County, Florida.

3. This Honorable Court has jurisdiction over the subject matter pursuant to Florida Statute
   26.012.

4. This Honorable Court has jurisdiction over the Defendant pursuant to Fla.Stat.
   §48.193(1)(f), to wit: the Defendant was engaged in solicitation or service activities
   within this state that caused injury to persons within this state arising out of an act or
   omission by the defendant outside this state and Fla.Stat. §48.193(2), to wit: the

Defendant is engaged in substantial activity within this state and the claim arises from activity within this state.

5.  Venue is proper in Broward County, Florida because the cause of action accrued here. Fla.Stat. §47.051.

### GENERAL ALLEGATIONS

6.  Defendant, RATINGZ, INC., is a company registered in California and is the parent company of LAWYERRATINGZ.COM, which is a website that invites and publishes unverified ratings of lawyers posted without the minimal requirement of registering with the site, which provides a forum for unmitigated slander and libel which interferes with a rated attorney's prospective client relationships on a constant and continual basis.

7.  Defendant describes its LawyerRatingz.com website as *"part of the Ratingz Network, a family of websites dedicated to helping consumers find the best businesses, places, services, and products by sharing ratings and reviews. This **free website** lets users **anonymously rate** lawyers. Users can also **post comments**, and **see the public comments** posted by others."* [Emphasis added]

8.  Defendant further states that *"We **prefer** that you only rate lawyers you have first-hand knowledge of. However, it is **not possible for us to verify** which raters have knowledge of which lawyers, so always take the ratings with a grain of salt. Remember, **we have no way of knowing who is doing the rating - customers, people in the lawyer industry, regular people, dogs, cats, etc."* [Emphasis added]

9.  The ostensible purpose of Defendant's site it to provide consumers with information about an attorney that will be used before making a decision to hire him/her and as such continuously affects prospective relationships with clients.

10. Defendant is in the business of selling advertising space on its family of Ratingz websites, including LawyerRatingz.com. The site invites visitors to advertise on the site and to print flyers to let the public know about the site's existence.

11. Defendant is engaged in a commercial endeavor that allows a professional's reputation to be sullied by false statements without any notice or ability to respond and refuses to take any remedial measures when the libel is brought to its attention.

12. In addition LawyerRatingz.com advises lawyers that they cannot be removed from the site because the *"site is for consumers and they are rating you every day, whether or not you are listed on this site. Think of this site as an opportunity to hear what your customers normally keep secret from you,"* LawyerRatingz.com also advises individuals who post ratings that if they have not registered they may not be able to remove a rating.[1]

13. LawyerRatingz.com asserts total immunity for libelous ratings under the Communications Decency Act, the United States Code, and California's Anti-SLAPP laws.

14. Finally, to underscore the irresponsible and mendacious nature of the website, there is absolutely no contact information other than an "email us here" button which creates no record of an email for the sender to keep and to which the Defendant admittedly might not respond.

15. On October 30, 2011, Plaintiff's client's sister posted a false comment about Plaintiff on LawyerRatingz.com, to wit:

---

[1] If an individual goes onto LawyerRatingz.com and posts a comment that allows the lawyer to identify the individual and the lawyer then serves that individual the requisite 5-day notice to remove the libelous rating, the offending individual may be unable to cure the libel by removing the false statement.

*Recently my sister and I hired Mr Thomas for a serious and very complicated contest. His immediate concern overwhelmed my sister and she was "sold" on using him. Her bill quickly soared to more than $20,000 and he and his wife demanded payment. A contingency basis was discussed where Mr. Thomas required nothing less than 45%. My sister tried to negotiate a more reasonable rate in which he flat out declined. He dropped us as clients and we are in search of another attorney that is willing to work WITH US!*

16. Plaintiff learned of this site and the rating on or about November 30, 2011.   Upon learning of the rating, Plaintiff flagged the rating for review.   It was briefly removed and then reposted without the review flag. After it was reposted, Plaintiff used the "email us here" button to advise Defendant that the rating contained false information and requested that it be removed and provided contact information.   Defendant did not remove the rating or contact Plaintiff to investigate the matter.

17. Plaintiff again emailed Defendant to request the company's address for service of process. Again, Plaintiff received no response.

18. On or about January 30, 2012, Plaintiff met with prospective clients who signed an engagement letter and gave Plaintiff a retainer.   They were embroiled in litigation and desired to hire Plaintiff after reading a newspaper article about a case Plaintiff had recently won.

19. On or about February 1, 2012, the same clients searched Google Maps for directions to Plaintiff's office and LawyerRatingz.com appeared.   Clients discussed the ratings site with Plaintiff and advised Plaintiff that based upon the ratings they were "nervous" about proceeding with Plaintiff.

20. Plaintiff has been practicing law for twenty years. Plaintiff has an AV Martindale Hubbell rating, a perfect 5.0 Martindale Hubbell peer-review rating, a perfect 10.0 Avvo rating and has been named Florida Trend's Legal Elite for four consecutive years.

21. There are multiple negative ratings posted on LawyerRatingz.com about Plaintiff that alternately make no legal sense[2] or are unverified and false; Plaintiff is only able to identify one of the individuals who posted a rating based upon the timing and content of the rating.

22. Defendant was notified by Plaintiff via email that the ratings were false and took no action to contact Plaintiff for additional information.

23. Due to the nature of the website and that the posts are anonymous; Defendant is admittedly without the ability to verify the identity of the individuals who post the ratings and thus cannot contact the individual. If someone who has rated the attorney has not registered with the site, then the only due diligence Defendant can engage in is to contact the lawyer.

24. On February 2, 2012, Plaintiff retained a California law firm to send a cease and desist letter to Defendant advising them of the libelous content of the ratings and demanding that Plaintiff's name be removed from the site.

25. Defendant did not respond or remove any ratings from the site.

26. On February 6, 2011, Plaintiff sent a letter to the one individual who posted a rating that Plaintiff could identify and advised her that the rating contained false information and should be removed from LawyerRatingz.com immediately.

---

[2] One rating complains that Plaintiff refused to file a mechanic's lien to protect his beneficial interest in probate property, which is analogous to someone complaining their doctor is terrible because he would not treat their cancer with antibiotics. LawyerRatingz.com clearly makes no attempt to screen ratings for either legal accuracy or veracity.

27. Plaintiff has no knowledge of whether the individual attempted to remove the rating, but it is still on the site.

28. Plaintiff has filed a separate complaint for libel against the individual who posted the one rating where Plaintiff can identify the person.

29. Plaintiff has made every reasonable effort to resolve this issue without litigation.

30. Defendant continues to allow statements that it has been advised are libelous in nature to remain on its website thereby continuing the tortious interference with Plaintiff's prospective clients and business relations.

## COUNT I

## INJUNCTION

1. This is an action for an injunction.

2. Paragraphs 1 through 26 above are hereby restated, as if specifically set forth herein.

3. Plaintiff continues to suffer irreparable harm to its reputation and business relationships because Defendant refuses to remove from its website statements about Plaintiff that Defendant has been advised are false and malicious.

4. The act of Defendant allowing the false and malicious statements to remain online and available for the public to view will continue to irreparably damage Plaintiff's reputation and business enterprise.  Damages alone are insufficient.

WHEREFORE, Plaintiff respectfully demands judgment enjoining Defendant from displaying Plaintiff's name on its website during the pendency of this litigation and any other relief this Honorable Court deems just, equitable and proper under Florida law.

## COUNT II

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

5.  This is an action for damages that exceeds $15,000.

6.  Paragraphs 1 through 26 above are hereby restated, as if specifically set forth herein.

7.  Florida recognizes a cause of action known as "tortious interference with a business relationship," the elements of which are: (1) existence of a business relationship, (2) knowledge of the relationship on the part of the defendant, (3) intentional and unjustified interference with the relationship by the defendant, and (4) damage to the plaintiff as a result. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812 (Fla. 1994).

8.  Plaintiff had a specific business relationship with clients who had retained his firm, signed a contract and paid a retainer prior to seeing ratings on LaywerRatingz.com and then rescinded the contract as a result of having read the libelous reviews of Plaintiff;

9.  Additionally, Plaintiff has prospective business relationships with any client who is using LawyerRatingz.com to obtain information about Plaintiff prior to retaining him.  Plaintiff is without knowledge as to how many prospective clients have been and will continue to be lost as a result of the libelous ratings on LawyerRatingz.com.

10. Defendant knows that lawyers are in the business of practicing law and, as with any professional, a lawyer's reputation in the community is of paramount importance.  Thus, it is reasonable to assert that Defendant knows that lawyers have a relationship with both former, existing and prospective clients and that their site is held out to the public as a useful tool for assisting individuals in deciding which lawyer to hire.

11. Once LawyerRatingz.com has been put on notice that the ratings are false and fails to take any action to investigate or correct the libelous ratings, it is intentionally and unjustifiably interfering with an attorney's business relationships.

12. Plaintiff has been damaged by the loss of an existing client and continues to be damaged by the chronic, recurring promulgation of false statements about Plaintiff on the Internet.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant it a Final Judgment or Order requiring Defendant to permanently remove Plaintiff's name from its website and awarding damages to Plaintiff and any other relief this Honorable Court deems just, equitable and proper under Florida law.

## GENERAL PRAYER FOR ATTORNEY'S FEES AND COSTS

Plaintiff, ADRIAN PHILIP THOMAS, P.A., herby requests an award of attorney's fees and costs pursuant to applicable Florida Statutes and Florida decisional case law.

This _____ day of _____, 2012.

Respectfully submitted,

ADRIAN PHILIP THOMAS, P.A.

_____
Michele M. Thomas, Esq.
Florida Bar No. 981567
SunTrust Center
515 East Las Olas Boulevard
Suite 1050
Fort Lauderdale FL 33301
954-764-7273
954-764-7274 (facsimile)

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to the persons listed on the attached Service List, this _____ day of _____, 2012.

_____
Michele M. Thomas, Esq.
For the Firm

## SERVICE LIST

**Bob Nicholson**, Registered Agent
Ratingz, Inc.
645 Cheshire Way
Sunnyvale CA 94087

**John Swapceiski**, President
Ratingz, Inc.
4042 State Route 364
Canandaigua NY 14424

770 Coleman Avenue
Apt. M
Menlo Park CA 94025