# Exhibit A

# Exhibit A

# SETTLEMENT AGREEMENT AND COVENANT NOT TO SUE

This Settlement Agreement and Covenant Not To Sue ("Agreement") is entered into by and between Ratingz, Inc., a California corporation with its principal place of business at 645 Cheshire Way, Sunnyvale, CA 94087 ("Ratingz, Inc." or "Plaintiff"), and the Law Offices of Adrian Philip Thomas, P.A., a Florida corporation with its principal place of business at 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, FL 33301 ("Adrian Philip Thomas, P.A." or "Defendant"). Collectively, Ratingz, Inc. and Adrian Philip Thomas, P.A., are referred to herein as the "Settling Parties."

## RECITALS

WHEREAS, Ratingz, Inc. operates the website, www.lawyerratingz.com ("the Website"), which allows Internet users to review and rate legal services providers;

WHEREAS, Adrian Philip Thomas, P.A., a provider of legal services, objected to reviews and ratings regarding Adrian Philip Thomas posted to the Website;

WHEREAS, Ratingz, Inc. filed an action for declaratory relief in the Northern District of California on February 22, 2012 – *Ratingz Inc. v. Adrian Philip Thomas P.A.*, Case No. 12-cv-00868-HRL (N.D. Cal.) ("the Lawsuit") – seeking a declaration that Ratingz, Inc., was not liable for claims arising from content posted by third-party Internet users on the Website, pursuant to Section 230 of the Communications Decency Act, the First Amendment, Florida common law, and Florida's statute of limitations;

WHEREAS, the Settling Parties wish to fully, finally, and completely resolve the dispute that has arisen concerning content posted on the Website and the response of the Defendant thereto;

## AGREEMENT

In consideration of the mutual promises set forth herein, the Settling Parties agree to settle their dispute regarding the above-referenced matters on the following terms:

1. The Settling Parties acknowledge that the execution of this Agreement does not constitute an admission of wrongdoing or liability by any Party, nor does it constitute an adjudication in favor of any Party.

2. Upon this Agreement's Effective Date, Adrian Philip Thomas, P.A., shall release Ratingz, Inc., and its owners, officers, employees, agents, successors, assigns, third-party beneficiaries, and attorneys and other legal representatives (collectively, "Plaintiff Released Parties"), from any and all claims or potential claims arising out of the posting of any content to the Website on or before the Agreement's Effective Date.

3. Upon this Agreement's Effective Date, Ratingz, Inc., shall release Adrian Philip Thomas, P.A., and its owners, officers, employees, agents, successors, assigns, third-



party beneficiaries, and attorneys and other legal representatives (collectively, "Defendant Released Parties"), from any and all claims or potential claims arising out of the Lawsuit or statements made by Defendant or its agents to or directed at Ratingz, Inc., regarding any content posted to the Website on or before the Agreement's Effective Date.

4.  Each of the Settling Parties covenants and agrees that it will not sue or bring or assert any action, claim, or cause of action in any jurisdiction or forum against the other Settling Party asserting any claim released by this Agreement and will promptly move to dismiss any such action pending as of the Agreement's Effective Date.

5.  This Agreement may be amended, modified, and supplemented only by a written instrument signed on behalf of each of the Settling Parties.

6.  Nothing in this Agreement, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Settling Parties and the Released Parties any right, remedy or claim under or by reason of this Agreement or any covenant, condition, or stipulation hereof.

7.  This Agreement and any dispute arising out of or relating to this Agreement shall be governed and construed in accordance with the laws of the State of California, including its statutes of limitation, without regard to otherwise applicable principles of conflicts of laws, whether of the State of California or any other jurisdiction.

8.  This Agreement shall be binding upon and inure to the benefit of the Settling Parties and their respective successors and permitted assigns.

9.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Defendant, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Defendant understands that, if the facts concerning Defendant's claimed injuries and/or the liability of Plaintiff pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Stipulation and Agreement shall be and remain effective notwithstanding such difference.

10. Delivery of executed signature pages in one or more counterparts shall be sufficient to render this Agreement effective in accordance with its terms. Each counterpart shall be deemed an original, but all counterparts collectively shall constitute only one instrument.



11. Each Settling Party acknowledges that it has been represented by counsel in connection with this Agreement and the transactions contemplated hereby. Any rule or law or any legal decision that would require the interpretation of any claimed ambiguities in this Agreement against the party that drafted it has no application and is expressly waived by the Settling Parties.

12. This Agreement represents the entire agreement between the Settling Parties regarding the subject matter hereof and supersedes all prior negotiations, representations, or agreements between the Settling Parties, either written or oral, in respect of such subject matter.

13. The parties and each of them represent and warrant that they have not assigned or transferred to any other person (natural person or otherwise), any claim or portion thereof or interest therein released by this Agreement.

14. The persons who sign this Settlement Agreement hereby represent and covenant that they are fully and duly authorized to execute this Settlement Agreement and to bind thereby the party each represents.

15. In the event any paragraph of this Agreement, or any sentence within any paragraph, is declared by a court of competent jurisdiction to be void or unenforceable, such sentence or section shall be deemed severed from the remainder of this Agreement, and the remainder of this Agreement shall remain in full force and effect.

16. Effective Date: this Agreement shall become effective upon signing of the Agreement by each of the Settling Parties.

IN WITNESS WHEREOF, the Parties have signed this Agreement, or caused this Agreement to be signed by their respective duly authorized representatives.

RATINGZ, INC.
By: _____
Name:
Title:
Address: 645 Cheshire Way, Sunnyvale, CA 94087

ADRIAN PHILIP THOMAS, P.A.
By: _____
Name: Michele M. Thomas
Title: Shareholder
Address: 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, FL 33301

3

11. Each Settling Party acknowledges that it has been represented by counsel in connection with this Agreement and the transactions contemplated hereby. Any rule or law or any legal decision that would require the interpretation of any claimed ambiguities in this Agreement against the party that drafted it has no application and is expressly waived by the Settling Parties.

12. This Agreement represents the entire agreement between the Settling Parties regarding the subject matter hereof and supersedes all prior negotiations, representations, or agreements between the Settling Parties, either written or oral, in respect of such subject matter.

13. The parties and each of them represent and warrant that they have not assigned or transferred to any other person (natural person or otherwise), any claim or portion thereof or interest therein released by this Agreement.

14. The persons who sign this Settlement Agreement hereby represent and covenant that they are fully and duly authorized to execute this Settlement Agreement and to bind thereby the party each represents.

15. In the event any paragraph of this Agreement, or any sentence within any paragraph, is declared by a court of competent jurisdiction to be void or unenforceable, such sentence or section shall be deemed severed from the remainder of this Agreement, and the remainder of this Agreement shall remain in full force and effect.

16. Effective Date: this Agreement shall become effective upon signing of the Agreement by each of the Settling Parties.

IN WITNESS WHEREOF, the Parties have signed this Agreement, or caused this Agreement to be signed by their respective duly authorized representatives.

RATINGZ, INC.
By: _____
Name: John Swapceinski
Title: President
Address: 645 Cheshire Way, Sunnyvale, CA 94087

ADRIAN PHILIP THOMAS, P.A.
By: _____
Name: Michelle M. Thomas
Title: Shareholder
Address: 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, FL 33301

3

### SETTLEMENT AGREEMENT SUPPLEMENT

WHEREAS, Ratingz, Inc., filed an action for declaratory relief in the Northern District of California on February 22, 2012 – *Ratingz Inc. v. Adrian Philip Thomas P.A.*, Case No. 12-cv-00868-HRL (N.D. Cal.) ("the Lawsuit") – seeking a declaration that Ratingz, Inc., was not liable for claims arising from content posted by third-party Internet users on a website that it operates – www.lawyerratingz.com ("the Website") – pursuant to Section 230 of the Communications Decency Act, the First Amendment, Florida common law, and Florida's statute of limitations;

WHEREAS, in March of 2012, the Settling Parties entered into a Settlement Agreement to fully, finally, and completely resolve the dispute that had arisen concerning content posted on the Website and the response of the Defendant thereto; and

WHEREAS, as per the terms of the Settlement Agreement, the Settlement Agreement became effective upon signing of the Agreement by each of the Settling Parties;

The Parties hereby certify the dates upon which they each signed the Agreement:

I, John Swapceinski, President of Ratingz, Inc., hereby certify that I signed the Settlement Agreement on behalf of Ratingz, Inc., on ___3/23/2012___.

RATINGZ, INC.
By: _____
Name: John Swapceinski
Title: President
Address: 645 Cheshire Way, Sunnyvale, CA 94087

I, Michele M. Thomas, Shareholder of Adrian Philip Thomas, P.A., hereby certify that I signed the Settlement Agreement on behalf of Adrian Philip Thomas, P.A., on or around ___March 22, 2012___.

ADRIAN PHILIP THOMAS, P.A.
By: _____
Name: Michele M. Thomas
Title: Shareholder
Address: 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, FL 33301

1